

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:05CR305–HEH |
| ) | |
| JAMES O. POPE, JR., ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
(Denying 28 U.S.C. § 2255 Motion)

Following a bench trial, the Court found Petitioner guilty of being a felon in possession of a firearm. (*See* ECF No. 25.) After determining that Petitioner was an armed career criminal, the Court sentenced Petitioner to 252 months of imprisonment. (ECF No. 34.)

In 2016, Petitioner, proceeding with counsel, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 49).[1] In his § 2255 Motion, Petitioner contends that he was incorrectly sentenced as an armed career criminal. The Government has moved to dismiss, asserting that Petitioner's § 2255 Motion lacks merit. For the reasons set forth below, Petitioner's § 2255 Motion will be denied.

As noted by the Supreme Court,

> Federal law forbids certain people—such as convicted felons, persons committed to mental institutions, and drug users—to ship, possess,

---

[1] The Court employs the pagination assigned to Pope's submissions by the CM/ECF docketing system.

and receive firearms. § 922(g). In general, the law punishes violation[s] of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act ["ACCA"] increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1).

*Johnson v. United States*, 135 S. Ct. 2551, 2555 (2015) (citation omitted).

ACCA defines a violent felony as: "any crime punishable by imprisonment for a term exceeding one year" and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). "The closing words of this definition, italicized above, have come to be known as the Act's residual clause." *Johnson*, 135 S. Ct. at 2556.[2] In *Johnson*, the Supreme Court held that the residual clause of ACCA is unconstitutionally vague. *Id.* at 2557.

At sentencing, it was determined that Petitioner had three prior convictions that qualified as serious drug offenses or violent felonies. (Presentence Investigation Report ¶ 66.) These convictions included: a 1989 conviction in Virginia for malicious wounding and two separate convictions for distribution of cocaine in 2001. (*Id.* ¶¶ 21, 38, 66.)

In his § 2255 Motion, Petitioner contends that his conviction for malicious wounding no longer qualifies a "violent felony" under ACCA. (ECF No. 49, at 3–4.) Petitioner is wrong. The United States Court of Appeals for the Fourth Circuit recently

---

[2] The first clause is known as the force clause. The second clause is known as the enumerated offense clause.

2

concluded that Virginia convictions for either malicious or unlawful wounding "require[] the attempted or threatened use of physical force under the ACCA's force clause." *United States v. Jenkins*, 719 F. App'x 241, 246 (4th Cir. 2018).[3] Accordingly, Petitioner's § 2255 Motion (ECF No. 49) lacks merit and will be denied.

The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 24, 2018
Richmond, Virginia

---

[3]"Virginia defines both unlawful wounding and malicious wounding in a single provision of the" Virginia Code. *Jenkins*, 719 F. App'x at 244 (quoting Va. Code Ann. § 18.2–51). "The Fourth Circuit analyzed unlawful wounding because it comprises the least culpable conduct criminalized by the statute." *United States v. Hylton,* Nos. 7:08CR00050, 7:16CV81021, 2018 WL 1935871, at *3 (W.D. Va. Apr. 24, 2018) (citing *Jenkins*, 719 F. App'x 241). "Malicious wounding, which is a more serious crime than unlawful wounding, would then, necessarily, constitute a violent felony as well." *Id.* (citation omitted).